# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.T., an individual<br><br>             Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; and DOES 1 through 25, inclusive,<br><br>             Defendants. | Case No.: 3:24-cv-00304-W-VET<br><br>**PROTECTIVE ORDER** |

      Before the Court is the parties' Joint Motion for Protective Order ("Joint Motion"). Doc. No. 11. Therein, the parties stipulate to a protective order governing certain discovery in this case. *Id.*

      The Court recognizes that some of the documents and information ("materials") being sought through discovery in the above-captioned action are normally kept confidential by the parties. Such materials may contain trade secrets or other confidential commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G), or personal information, security information, and/or protected health information, or information covered by the Privacy Act of 1974. Accordingly, upon issuance of this Protective Order ("Order"), the Court makes enforceable the following terms as submitted and agreed to by the parties:

DEFINITIONS

1. The term "CONFIDENTIAL INFORMATION" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2. The term "MATERIALS" will include, but is not limited to: documents; correspondence; memoranda; bulletins; customer lists or other material that identify customers or patients; drafts; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; video recordings compilations from which information can be obtained and translated into reasonably usable form through detection devices; drawings; notes; reports; instructions; disclosures; other writings; and other physical objects.

3. The term "SECURITY INFORMATION" refers to information that would threaten the safety or security of a person or institution if disclosed without protective conditions.

4. The term "PERSONAL INFORMATION" refers to all documents containing dependent information, personal addresses or phone numbers, social-security numbers, other identifying information, personal contact information, or employment and wage information, including, but not limited to, personnel records, and personally identifiable information covered by the Privacy Act of 1974.

5. The term "PROTECTED HEALTH INFORMATION" refers to individually identifiable health information and records, including, but not limited to, information falling within the definition outlined in the Health Insurance Portability and Accountability Act ("HIPAA").

6. The term "COUNSEL" will mean counsel of record, other attorneys, government counsel working on the case who are not counsel of record, and paralegals,

legal assistants/secretaries, other support staff working with counsel, and investigators retained or employed on behalf of any party.

## GENERAL RULES

7. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY."

   a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party or would disclose personal information, protected health information, or security information.

   b. Designation as "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY": Any party may designate information as "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party.

8. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

9. Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

a. the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY."

b. the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to Paragraph 12 below; and

c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

10. All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

11. Information designated "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" must be viewed only by counsel (as defined in Paragraph 6) of the receiving party,

and by independent experts under the following conditions: All experts will be provided with a copy of this Order and acknowledge to the retaining attorney their agreement to be bound by its terms.

12. Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in Paragraph 6) of the receiving party, the named parties and their employees, including former employees who may be witnesses in this case, by independent experts, by court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed to be bound by its terms:

    a) Executives, health center and government personnel who are required to participate in policy decisions with reference to this action;

    b) Technical personnel of the parties with whom counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

    c) Stenographic and clerical employees associated with the individuals identified above.

13. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," any person indicated on the face of the document to be its originator, author, or a recipient of a copy of the document, may be shown the same.

14. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in Paragraph 6, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

15. No party may file any document under seal, except pursuant to a court order that authorizes the filing of the document, or portion of the document, under seal. The party

seeking to file under seal must limit its sealing request to the specific portion of the document that contains the confidential or privileged material. Any application to file a document under seal must be served on the person or entity that has custody and control of the document, if that person or entity has not already appeared in the action.

16. At any stage of the proceedings, any party may object to a designation of materials as confidential information. The objecting party must notify the designating party, in writing, of the materials objected to and the ground(s) for the objection. Thereafter, the parties must promptly meet and confer pursuant to Local Rule 26.1.a. If the dispute is not resolved within seven (7) days of receipt of the objections, and after counsel have thoroughly met and conferred, the parties must place a joint call to the assigned magistrate judge's chambers to explain the dispute and the parties' respective positions. The materials at issue must be treated as confidential until the Court has ruled on the objection, or the matter has been otherwise resolved.

17. All confidential information must be held in confidence by those inspecting or receiving it and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

18. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

19. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the

document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential once the designating party notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY."

20. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

21. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

22. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

23. Nothing within this Order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

24. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs,

memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

25. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

26. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

27. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

28. This Order may be modified by agreement of the parties, subject to approval by the Court.

29. Without separate court order, this Order and the parties' stipulation do not change, amend, or circumvent any court rule or local rule.

30. The Court may modify this Order in the interests of justice or for public policy reasons.

31. To the extent the Privacy Act or HIPAA allows the disclosure of protected information pursuant to a court order, *see* 5 U.S.C. § 552a(b)(11), this Order constitutes such a court order. Disclosure of protected information covered by either the Privacy Act

or HIPAA may be made pursuant to the terms of this Order.

**IT IS SO ORDERED.**

Dated: November 21, 2024

Honorable Valerie E. Torres
United States Magistrate Judge