1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**
9            **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   D.T., an individual,                          Case No.:  3:24-cv-00304-W-VET
12                         Plaintiff,
                                                   **ORDER GRANTING ORAL**
13   v.                                            **MOTION AND ISSUING AMENDED**
                                                   **SCHEDULING ORDER**
14   COUNTY OF SAN DIEGO; and
15   DOES 1 through 25, inclusive,                 [Doc. No. 19]
16                         Defendants.
17
18

19        Before the Court is the Plaintiff's Oral Motion to Extend Scheduling Order by 45
20   Days ("Motion"). Doc. No. 19. For the reasons stated below and based on the parties'
21   representations during the Status Conference, the Court **GRANTS** the Motion and **ISSUES**
22   an Amended Scheduling Order.
23   **I.    JOINT MOTION AND PROCEDURAL BACKGROUND**
24        On November 25, 2024, the Court issued the initial Scheduling Order Regulating
25   Discovery and Other Pre-Trial Proceedings. Doc. No. 15. On April 25, 2025, the Court
26   held a Status Conference with the parties to check in on the progress of discovery. Doc.
27   No. 18. At the Status Conference, the parties represented they have already completed
28   extensive discovery, but still need to complete approximately eight depositions before the

close of fact discovery. Plaintiff moved for a 45-day extension of all deadlines and the Defendant stated no objection to the motion.

## II.    LEGAL STANDARD

In determining whether to modify a scheduling order, the Court considers the "good cause" standard set forth in Federal Rule of Civil Procedure 16(b)(4). Fed. R. Civ. P. 16(b)(4). Pursuant to Rule 16(b)(4), a "schedule may be modified *only* for good cause and with the judge's consent." *Id.* (emphasis added); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Rule 16(b)(4)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Learjet, Inc. v. Oneok, Inc.* (*In re W. States Wholesale Natural Gas Antitrust Litig.*), 715 F.3d 716, 737 (9th Cir. 2013). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing to Fed. R. Civ. P. 16 advisory committee's notes on the 1983 amendment); *see also Zivkovic*, 302 F.3d at 1087; 6A *Wright, Miller & Kane, Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. The focus of the inquiry is upon the moving party's reasons for seeking modification. *Id.* "If the moving party was not diligent, the inquiry should end." *Id.*; *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017) (same).

Further, Civil Local Rule 16.1(b) requires that all counsel "proceed with diligence to take all steps necessary to bring an action to readiness for trial." Civ.LR 16.1(b). Similarly, this Court's Civil Chambers Rules require that any motion to continue a scheduling order deadline include a showing of good cause, supported by a "declaration from counsel that details steps taken by the Parties to meet current deadlines and reasons why the Parties can no longer meet those deadlines." J. Torres Civ. Chambers R. VI.D.

## III.    DISCUSSION

The basis for the Plaintiff's request stems primarily from a need to complete depositions. The parties have been diligent in meeting case deadlines and represented to the Court that they have completed nearly all written discovery and already have most of the outstanding depositions scheduled. Based on the parties' representations to the Court, and good cause appearing, the Court **GRANTS** the Motion.

## IV.    AMENDED SCHEDULING ORDER

The Court **AMENDS** the operative scheduling order (Doc. No. 15) as follows:

1.    All fact discovery shall be completed by all parties by **<u>July 11, 2025</u>**. "Completed" means that all discovery under Fed. R. Civ. P. 30-36, and discovery subpoenas under Fed. R. Civ. P. 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer regarding all discovery disputes in compliance with Local Rule 26.1(a). The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall follow the procedures governing discovery disputes set forth in Judge Torres' Civil Chambers Rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court.**

2.    A Mandatory Settlement Conference ("MSC") shall be conducted by Zoom video conferencing on **<u>July 30, 2025</u>** at **<u>9:30 a.m.</u>** before Magistrate Judge Valerie E. Torres.[1]

---

[1]    Counsel may request the MSC be converted to an in-person appearance through a joint call or email to Judge Torres' Chambers (efile_torres@casd.uscourts.gov). Counsel must meet and confer prior to making such a request.

3:24-cv-00304-W-VET

a.    The following are **mandatory** procedures to be followed in preparation for the MSC. Absent express permission from this Court, counsel must timely comply with the dates and deadlines herein. Questions regarding the MSC or the mandatory guidelines set forth herein may be directed to Judge Torres' Chambers at (619) 557-6384.

b.    **Full Settlement Authority Required.** Pursuant to Local Rule 16.1.c.1, all parties, party representatives, including claims adjusters for insured parties, and the principal attorney(s) responsible for the litigation must participate in the MSC.[2] This appearance must be made with full and complete authority to negotiate and enter into a binding settlement.[3] Counsel for a government entity is excused from this requirement if the government attorney who participates in the MSC (i) has primary responsibility for handling the case, and (ii) may negotiate settlement offers that the attorney is willing to recommend to the government official having ultimate settlement authority.

c.    **Confidential Settlement Brief.** No later than seven (7) calendar days before the MSC, each party must lodge a Confidential Settlement Brief by email to efile_torres@casd.uscourts.gov. The Confidential Settlement Brief should not exceed ten (10) pages, excluding exhibits, and must be formatted according to the requirements of Local Rule 5.1(a). Parties attaching exhibits must attach only the relevant pages of multi-page exhibits and must highlight the relevant portions.

---

[2]   The attendance requirement includes parties that are indemnified by others. Any deviation from this Order requires prior Court approval.

[3]   Full authority to settle means that the individuals at the MSC are authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). Party participants need to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with complete settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Id.* at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-597 (8th Cir. 2001).

3:24-cv-00304-W-VET

      **d.**    **Contents of Settlement Brief.** All Confidential Settlement Briefs shall include the content specified in the Court's Chambers Rules, available at https://www.casd.uscourts.gov/Judges/torres/docs/Civil%20Chambers%20Rules.pdf.

      **e.**    **Procedure for Zoom Videoconference.** Two (2) business days prior to the MSC, the Court will email counsel of record an invitation with the Zoom meeting information. Participants can join the Zoom video conference by following the ZoomGov Meeting hyperlink or using the meeting ID and password provided. Each participant should plan to join the Zoom video conference *at least five (5) minutes before* the start of the MSC. Counsel is responsible for ensuring their clients can participate in the MSC. All participants must display the same level of professionalism and attention during the MSC as if they were attending in person (*e.g.*, not be driving while speaking to the Court, or otherwise distracted).

3.    The parties shall designate their respective experts in writing by **August 11, 2025**. The parties must identify any person who may be used at trial to present evidence pursuant to Fed. R. Evid. 702, 703 or 705. This requirement is not limited to retained experts. The parties shall designate rebuttal experts in writing by **August 25, 2025**. The written expert designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide, including any summary of facts and opinions required by Fed. R. Civ. P. 26(a)(2)(C). The designations shall also include the normal rates the expert charges for deposition and trial testimony.

4.    By **September 25, 2025**, each party shall comply with the disclosure provisions in Fed. R. Civ. P. 26(a)(2)(A) and (B). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve giving expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at**

**any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c)**.

5.       Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) and 26(e) by **October 9, 2025**.

6.       All expert discovery shall be completed by all parties by **November 10, 2025**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

7.       Failure to comply with any discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

8.       All pre-trial motions must be filed by **December 10, 2025**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

9.       Pursuant to Civil Local Rule 7.1(f)(3)(c), if an opposing party fails to file opposition papers in the time and manner required by Civil Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other request for ruling by the court. Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1(e)(2) or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Civil Local Rule 7.1(f)(3)(c). Should either party choose to file or oppose a motion for summary judgment or partial summary judgment, no Separate Statement of Disputed or Undisputed Facts is required.

10.     Despite the requirements of Civil Local Rule 16.1(f)(2), neither party is required to file a Memorandum of Contentions of Fact and Law at any time. The parties shall instead focus their efforts on drafting and submitting a proposed pretrial order by the

time and date specified by Civil Local Rule 16.1(f)(6)(b).  The proposed pretrial order shall comply with Civil Local Rule 16.1(f)(6) and the Standing Order in Civil Cases issued by the assigned district judge.

11.    Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **March 9, 2026**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

12.    Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **March 16, 2026**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

13.    Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **March 23, 2026**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's counsel concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

14.    The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served, and lodged with the assigned district judge by **March 30, 2026**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

15.    In addition to submitting the proposed final pretrial conference order, the parties are further ordered to separately submit informal letter briefs, not exceeding two single spaced pages, served on opposing counsel and received in the chambers of Judge Thomas J. Whelan, United States District Judge (and not filed with the Clerk's Office) by

3:24-cv-00304-W-VET

2:30 p.m. on **April 8, 2026**. The letter brief should be a relatively informal and straightforward document. The letter brief should outline a short, concise, and objective factual summary of the party's case in chief, the number of hours/days each party intends to expend at trial, the approximate number of witnesses, whether certain witnesses will be coming in from out of town, the number of testifying expert witnesses, whether any unique demonstrative exhibits may be presented, the number of proposed motions in limine that may be filed, precisely when the parties would be prepared to submit their in limine papers (and whether the parties have met and conferred with respect to in limine issues), the issue of proposed jury instructions and when the parties intend to submit them before trial, and voir dire issues, either party's preference as to what date(s) the trial should begin and any other pertinent information that either party may deem useful to assist the Court in the execution of the pretrial conference and in setting the matter for trial.

16.    The final Pretrial Conference is scheduled on the calendar of the **Honorable Thomas J. Whelan** on **April 13, 2026** at **10:30 a.m.**

17.    The parties must review the chambers' rules for the assigned district judge and magistrate judge.

18.    A post-trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

19.    The dates and times set forth herein will not be modified except for good cause shown.

20.    Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

3:24-cv-00304-W-VET

21.     Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED**.

Dated:  April 25, 2025

_____
Honorable Valerie E. Torres
United States Magistrate Judge

3:24-cv-00304-W-VET